**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL A. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 4:04CV1524(JCH) |
| | ) |
| BARETTA BROWERS, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court for review of the complaint [Doc. #1] pursuant to 28 U.S.C. § 1915A. Also before the Court is plaintiff's motion for a preliminary injunction or temporary restraining order [Doc. #2].

### 28 U.S.C. § 1915A

Title 28 U.S.C. § 1915A provides that the Court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must identify cognizable claims and dismiss a prisoner's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Potosi Correctional Center (PCC), seeks declaratory, injunctive, and monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Named as defendants are Barretta Browers, Tim Pickett, Steve Long, Michael Groose, Gene Stubblefield, Michael Bowersox, Don Roper, Ian Wallace, Kate Klein, Kim Klein, Unknown Browers, Prncess Fahnestock, Jason Arthur, Unknown Hale, Ronald Hamby, Unknown McPheeters, Gary Kempker, Michael Layden, Brian Allen, Unknown Sancegraw, Melody Hainey, Unknown Tourville, Unknown Jackson, Sharon Sansouchie, Unknown Elkins, Unknown Short, Mike Kemna, Kevin Lawton, Fred Arflack, Unknown Daniels,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Unknown Wiseman, Susan Jackson, Unknown Treschluse, Unknown
Collins, Theresa Thornburg, Robert Baker, Unknown Richards #1 and
#2, John Harper, Jeff Harper, Unknown McDonald #1 and #3, Unknown
Brawley, Unknown Barker, Unknown Arcand, Unknown Crocker #1
through #3, Unknown Gipson, Unknown Hemmendenger, Unknown
Lashley, Woods Whitey, Unknown Blunt, Unknown Ketcherside,
Unknown Cabanaugh, and Unknown Kemna.

Liberally construing the complaint, plaintiff alleges:
(1) that he has been denied access to the courts because of
inadequate access to a law library or restrictions on his access
to his legal papers; (2) that he was denied due process in
connection with conduct violations; (3) that his legal mail was
improperly opened; and (4) that he was served diseased meat and
tainted food.

**Discussion**

Plaintiff's claims against defendants Baretta Browers,
Steve Long, Don Roper, Unknown Browers, Jason Arthur, Unknown
Richards #1, Unknown McDonald #1, Unknown Brawley, Unknown
Arcand, Unknown Crocker #1, Unknown Lashley, Unknown Blunt, and
Unknown Ketcherside regarding the serving of diseased food –
sometimes as retaliation for filing grievances – in violation of
the eighth and first amendments survive review under § 1915A and
should not be dismissed as this time.  Additionally, plaintiff's
claim that defendant Sharon Sansouchie opened his legal mail in

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

violation of his constitutional rights also survives review
under § 1915A.  Therefore, the Court will order that defendants
Baretta Browers, Steve Long, Don Roper, Unknown Browers, Jason
Arthur, Sharon Sansouchie, Unknown Richards #1, Unknown McDonald
#1, Unknown Brawley, Unknown Arcand, Unknown Crocker #1, Unknown
Lashley, Unknown Blunt, and Unknown Ketcherside reply to these
claims.  See 42 U.S.C. § 1997e(g)(2).

        Plaintiff's claims against defendants Tim Pickett,
Michael Groose, Gene Stubblefield, Michael Bowersox, Ian Wallace,
Kate Klein, Kim Klein, Princess Fahnestock, Unknown Hale, Ronald
Hamby, Unknown McPheeters, Gary Kempker, Michael Layden, Brian
Allen, Unknown Sancegraw, Melody Hainey, Unknown Tourville,
Unknown Jackson, Unknown Elkins, Unknown Short, Mike Kemna, Kevin
Lawton, Fred Arflack, Unknown Daniels, Unknown Wiseman, Susan
Jackson, Unknown Treschluse, Unknown Collins, Theresa Thornburg,
Robert Baker, John Harper, Jeff Harper, Unknown McDonald #2,
Unknown Barker, Unknown Crocker #2, Unknown Crocker #3, Unknown
Gipson, Unknown Hemmendenger, Woods Whitey, Unknown Cavanaugh,
Unknown Kemna, and Unknown Richards #2 should be dismissed
pursuant to 28 U.S.C. § 1915A(b)(1).

        Plaintiff's complaint does not state an access to the
courts claim because he has failed to allege actual prejudice to
a non-frivolous.  See Lewis v. Casey, 518 U.S. 343, 351 (1996).
Although plaintiff does allege one instance of actual prejudice
to a state post-conviction motion, that event occurred in June

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

1990 - fourteen and one-half years before the instant complaint was filed. Consequently, this particular instance of being allegedly denied access to the courts is barred because it was filed well outside the five year statute of limitations period. Myers v. Vogal, 960 F.2d 750, 757 (8th Cir. 1992); Mo. Rev. Stat. § 516.120(4). The statute of limitations also bars plaintiff's claims of conspiracy and retaliation arising from events that occurred in 1998.

Plaintiff's complaint does not state a due process claim with regard to his conduct violations because he has not alleged that the discipline imposed constituted "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-85 (1995) (holding that prison discipline does not encroach upon inherent liberty interest and that state created liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in comparison to the ordinary incidents of prison life).

The Court notes that there is no indication that plaintiff has served any of the defendants with the summons and complaint within 120 days of filing the complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. Because plaintiff paid the full filing fee and did not request leave to proceed in forma pauperis, plaintiff - and not the court - is responsible for serving the summons and complaint on the

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

defendants.  Rule 4(m) provides that the Court "shall dismiss the action without prejudice" (after giving notice to plaintiff) if plaintiff fails to show good cause for his failure to serve the defendants within the time specified.  According, the Court will direct plaintiff to show cause why the instant complaint should not be dismissed – in its entirety – for failure to comply with Rule 4(m).

Finally, plaintiff's motion for a preliminary injunction or temporary restraining order does not actually seek to enjoin any illegal act of the defendants.  Rather plaintiff seeks transfer to the Missouri Eastern Correctional Center (MECC), the Eastern Reception and Diagnostic Center (ERCD) or transfer to a facility located Alaska or Hawaii.  Because plaintiff does not have a right to be held in the institution of his choosing, his motion for preliminary injunction [Doc. #2] will be denied.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this order, plaintiff shall show cause why he has failed to serve the defendants with the summons and complaint within the time limit set forth in Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if plaintiff fails to show sufficient cause why he failed to serve the defendants with the

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

summons and complaint within the time limit set forth in Rule 4(m) of the Federal Rules of Civil Procedure, the instant complaint shall be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Tim Pickett, Michael Groose, Gene Stubblefield, Michael Bowersox, Ian Wallace, Kate Klein, Kim Klein, Princess Fahnestock, Unknown Hale, Ronald Hamby, Unknown McPheeters, Gary Kempker, Michael Layden, Brian Allen, Unknown Sancegraw, Melody Hainey, Unknown Tourville, Unknown Jackson, Unknown Elkins, Unknown Short, Mike Kemna, Kevin Lawton, Fred Arflack, Unknown Daniels, Unknown Wiseman, Susan Jackson, Unknown Treschluse, Unknown Collins, Theresa Thornburg, Robert Baker, John Harper, Jeff Harper, Unknown McDonald #2, Unknown Barker, Unknown Crocker #2, Unknown Crocker #3, Unknown Gipson, Unknown Hemmendenger, Woods Whitey, Unknown Cavanaugh, Unknown Kemna, and Unknown Richards #2 are **DISMISSED** because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Baretta Browers, Steve Long, Don Roper, Unknown Browers, Jason Arthur, Unknown Richards #1, Unknown McDonald #1, Unknown Brawley, Unknown Arcand, Unknown Crocker #1, Unknown Lashley, Unknown Blunt, and Unknown Ketcherside shall

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

reply to the complaint within the time provided by the applicable
provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff shall serve a copy
of this order upon defendants along with the summons and
complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for a
preliminary injunction [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to this Court's
differentiated case management system, this case is assigned to
Track 5B (standard prisoner actions).

An appropriate order shall accompany this order
and memorandum.

Dated this 10th day of August, 2005.


/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com